### MICHAEL KASPARIAN *vs.* GEORGE P. KELLY *et ux.*

### FEBRUARY 26, 1958.

PRESENT: Condon, C. J., Roberts and Andrews, JJ.

Andrews, J. This is an action of assumpsit which was commenced by writ dated July 20, 1955. The declaration has but one count and it is based upon a promissory note. The plea is non assumpsit. It was tried to a justice of the superior court sitting without a jury and resulted in a decision for the defendants. The plaintiff excepted to such decision, and that exception with seven others to rulings on evidence make up the plaintiff's bill of exceptions. The exception to the decision was the only one argued, but two other exceptions were briefed.

On April 7, 1954 John C. Knowles gave a written lease of certain real estate located on Greene street in the city of Providence to Realty Exchange, Inc. The term was for one year with the right of renewal for four years provided written notice of the lessee's desire so to renew was given by January 8, 1955 and on condition that the lessee was not in default. The rent was $250 a month payable in advance. The lease also contained the common provision against one waiver constituting a waiver of any succeeding breach. The lease further provided that the "Lessee will not assign this lease, will not grant to any sub-lessee or sub-lessees any greater estate in the whole or any part of

the demised premises than a tenancy from month to month
* * * without the consent in writing of the Lessor * * *."

In the summer of 1954 defendants negotiated with a real estate broker for the purchase of the lease and the good will of the rooming house conducted on the premises. The defendants believed that the broker was representing the lessee. The negotiations resulted in the following contract:

"August 5, 1954

Received of George P. Kelly and Barbara A. Kelly of Providence, R. I. one thousand ($1000.00) dollars on account of purchase of good will and lease of rooming house at 24-30 Greene St., Providence, R. I. This does not include real estate, furnishings or personal property. It only includes the lease and the good will, the lease which is a one-year lease with a 4 year option starting April 8, 1954. Price to be five thousand ($5000.00) dollars, balance of four thousand ($4000.00) dollars to be paid at thirty-five ($35.00) dollars per week until paid at which time the lease will be assigned by the owners of the rooming house business to George P. Kelly and Barbara A. Kelly, the purchases [sic] of the rooming house business. It is agreed the the [sic] purchasers will execute a promissory note in the amount of four thousand ($4000.00) dollars payable at the rate of thirty-five ($35.00) dollars per week without any interest to the sellers until paid but a weekly default will cause the whole amount to be due and payable at once.

Payments will commence on Sept. 1, 1954 and will be due one week thereafter until paid.

[signed] George P Kelly.
[signed] Barbara - A - Kelly
[signed] Joseph R. Paolino Agent.
[signed] Michael Kasparian
Realty Exchange Inc.
[signed] Michael Kasparian, Treas."

The following promissory note upon which the instant suit is based was also signed by defendants:

"Promissory Note

$4000.00        Providence, R. I.        August 5, 1954.

We, George P. Kelly and Barbara A. Kelly of the City of Providence and state of Rhode Island, joined [sic] and severally promise to pay to Michael Kasparian                or order, four thousand ($4000.00) dollars without interest. Payments on principal to be made weekly at the rate of thirty-five ($35.00) per week commencing September 1, 1954 and every week thereafter until the principal sum of this note is paid in full. Default in any of said weekly payments of thirty-five ($35.00) makes the entire note or balance thereof immediately due and payable. The makers of this note do hereby waive notice, protest and demand in the event of default of said note.

[signed] George P. Kelly.
[signed] Barbara - A - Kelly"

The defenses were lack of consideration and failure of consideration. We find no consideration for the note. The plaintiff was not the tenant and neither did he own the good will of the rooming house business which he said was run by the corporation. The agreement provides for the execution by the purchasers, the defendants here, of a promissory note to the sellers, the corporation, yet the name of the plaintiff was inserted in the blank space evidently left in the note when it was drafted. When and why this was done is not explained. While plaintiff signed the agreement as an individual as well as treasurer of the corporation, there is no evidence as to why he did so. He neither agreed to do nor to refrain from doing anything. No benefit flowed from him to defendants. The real estate agent also signed the agreement but why he did so was not explained. The plaintiff and the agent might have signed as witnesses or to show that they approved the agreement, but that did not make them parties thereto nor in any way obligate them to see that it would be carried out by the corporation, and there is no evidence that they agreed to do so.

The plaintiff's two exceptions to the rulings on evidence have nothing to do with the question of consideration and therefore need not be considered.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment for the defendants on the decision.

*Haig Barsamian,* for plaintiff.

*Francis J. Barlow,* for defendants.